[No. 15782.   Department One.—March 12, 1895.]

## GEORGIA A. YOUNGER, APPELLANT, v. EDWARD YOUNGER, RESPONDENT.

DIVORCE—CUSTODY OF MINOR CHILD—ADOPTION—CHANGE OF STATUS— LOSS OF JURISDICTION TO MODIFY DECREE.—Where the superior court in a decree of divorce granted to the wife for extreme cruelty of the husband awarded the custody of an infant child to the mother, with whose consent the child was subsequently regularly adopted by its grandfather, in accordance with the provisions of the Civil Code, such adoption changes the status of the child, and the superior court thereby loses jurisdiction to modify the decree relating to the custody of the child.

ID.—CONSTRUCTION OF CODE—JURISDICTION OF COURTS.—The provision of the code giving to the court power in an action of divorce before or after judgment to give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and to vacate or modify the same, must be read and construed with, and in view of, the rights conferred by the provisions of the code with reference to adoption; and the jurisdiction of the superior court of another county over adoption proceedings is not affected by the fact that the jurisdiction of the court in which the divorce was granted was first obtained.

APPEAL from an order of the Superior Court of Santa Clara County modifying a decree of divorce.

The facts are stated in the opinion of the court.

*R. Clark*, and *Charles W. Thomas*, for Appellant.

*D. W. Burchard*, for Respondent.

VAN FLEET, J.—The parties hereto were husband and wife, and had issue of their marriage one child, a son, Hiatt Tisdale Younger. In February, 1891, by a decree of the superior court of Santa Clara county rendered in an action brought for that purpose by appellant here against the respondent, the parties were divorced upon the ground of respondent's extreme cruelty; and by the decree the custody of said child, then an infant about one year of age, was awarded to the mother. Immediately after the divorce the mother removed with the child to Yolo county, and took up her residence in that county in the family of her grandfather, one G. W. Hiatt. Subsequently, on July 31, 1891, by a proceeding had before the judge of the superior court of Yolo county, the said child was, by the consent of the mother, duly and regularly adopted by said G. W. Hiatt, in accordance with the provisions of the Civil Code, and assumed the family name of Hiatt.

In April, 1893, respondent filed a petition in the superior court of Santa Clara county, in said divorce proceeding, asking a modification of the decree therein with reference to the custody of said child, and praying that the custody thereof be awarded to him, upon the ground that the mother had abandoned the child to the control of others, and had since married again. Appellant answered said petition, setting up, among other things not necessary to mention, the facts above recited as to the divorce and adoption, and denying the jurisdiction of the court to make any order in the premises.

The court found the facts with reference to said divorce and adoption in all respects as alleged, but, nevertheless, made an order modifying the divorce decree in so far as the same related to the custody of the child, by requiring that the respondent be permitted to see said child at all reasonable times, without limitation as to date, and that he be "permitted to bring said child to Santa Clara county . . . . in the month of June of each year," and retain its custody during said month.

From this order the appeal herein is prosecuted.

The validity of the order is challenged upon various grounds, only one of which, however, need be noticed.

It is contended by appellant, and, we think, correctly, that the Santa Clara court had no jurisdiction to make the order appealed from, for the reason that its jurisdiction over the child had ceased and determined absolutely upon its adoption. The Civil Code provides for the adoption of minor children and the circumstances and conditions under which such adoption may be had. Section 224 of that code provides that "a legitimate child cannot be adopted without the consent of its parents, if living . . . . *except that consent is not necessary* from a father or mother deprived of civil rights or adjudged guilty of adultery *or of cruelty, and for either cause divorced.*" The proceedings for adoption in this instance seem to have been in strict accordance with this and the other provisions of the code upon the subject; and, in fact, their regularity or sufficiency are in no respect questioned. The jurisdiction of the court in Santa Clara county over the child in the divorce proceeding grew out of, and depended solely upon, the fact that it was the child of the parties to that action; as such the law gave that court jurisdiction to award the custody of the child as it might deem for its best interest, and to direct provision for its maintenance and support. By the adoption proceeding, however, the status of the child was wholly changed; it became *ipso facto* the child of another, and ceased to sustain that relation, in a legal sense, to its natural parents. "A child, when adopted, may take the family name of the person adopting. After adoption the two shall sustain toward each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation." (Civ. Code, sec. 228.)

"The parents of an adopted child are, from the time of the adoption, relieved of all parental duties toward, and all responsibility for, the child so adopted, *and have no right over it.*" (Civ. Code, sec. 229.)

Under these provisions of the law the fact which

alone gave the divorce court jurisdiction of the fruit of the marriage ceased to exist. In other words, the child ceased to sustain any such relation to the parties or the cause as warranted any further exercise of jurisdiction over it. It was withdrawn as a part of the *res* of that proceeding, and the jurisdiction of the court, so far as it was concerned, was as absolutely extinguished as though death had removed it.

Respondent, as suggested, does not question in any way the regularity of the proceedings for adoption, but he contends that the court having obtained jurisdiction of the child of the parties in the divorce proceeding, that by virtue of section 138 of the Civil Code the court retains such jurisdiction for the purposes specified in that section, notwithstanding the adoption. That section provides that, "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." It is obvious that the jurisdiction and powers conferred by this section must be read and construed with, and in view of, the rights conferred by the provisions of the code with reference to adoption. So construed, the jurisdiction conferred by section 138 subsists so long only as the status of the child remains that of a child of the parties —"of the marriage." This, as we have seen, it has ceased, in legal contemplation, to be. It would hardly be contended that the jurisdiction of the divorce court would continue after the death of a child, or after the attainment of its majority, or after the death of its parents. In the first two instances jurisdiction would wholly cease; and in the last it would devolve upon the court sitting in probate for the care of orphans. By the adoption the child is as entirely removed from the jurisdiction as in either of the instances suggested. The various provisions of the code are to be construed in harmony, and so as to give all their appropriate and intended effect. To give to section 138 the effect con-

tended for would be to abrogate or render nugatory the provisions for adoption as to one of the very instances specially provided for by section 224.

And for these reasons there is nothing in the point that the superior court or judge in Yolo county was without jurisdiction in the adoption proceedings by reason of the fact that the jurisdiction of the Santa Clara court in the action for divorce had first obtained. The jurisdiction of the judge of Yolo county was as exclusive and complete in the one instance as that of the superior court of Santa Clara in the other. The one was in no way dependent upon or subject to the other. The authorities cited by respondent are not in conflict with these views.

It follows that upon the fact of adoption appearing the latter court should have desisted from further action in the premises for want of jurisdiction, and should have dismissed the proceeding.

The order is reversed and the cause remanded, with directions to dismiss the proceeding at the cost of respondent.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.