[Civ. No. 823. Second Appellate District.—August 22, 1910.]

JOHN G. MILLER, Respondent, v. M. V. HIGGINS and VERA M. HIGGINS, His Wife, NELLIE M. STANGE and H. A. STANGE, Her Husband, Appellants.

DIVORCE—CUSTODY OF CHILD—LIMITED AWARD—JURISDICTION—CHANGE OF CUSTODY—CONSTRUCTION OF CODE.—While section 197 of the Civil Code giving the father the superior right to the custody, services and earnings of a child is modified by the next section removing such superiority when husband and wife are living apart from each other, yet where the wife has secured a divorce and the limited custody of the child was given to her on condition that she retains it in the county subject to visits to the child by its father, and the mother remarried and left the state, leaving the child in the county with her mother, the court had jurisdiction over its custody under section 138 of the Civil Code, and had power to award the custody to the father, though he is the guilty party, if the court deems it to be for the best interest of the child.

ID.—BASIS OF RIGHT TO CHANGE CUSTODY—LEGAL POWER TO MODIFY OR VACATE—RIGHT NOT AFFECTED BY CAUSE OF DECREE.—Section 138 of the Civil Code expressly confers upon the superior court, in the divorce proceedings, jurisdiction to make such order for the custody and care of a minor child as it may deem necessary or proper, and the court "may at any time modify or vacate the same." This right to control custody is not by the code provision necessarily affected by the cause upon which the decree of divorce is based,

since the children are not parties to the divorce proceedings, though their interests are affected by the decree, and the same are to be protected and guarded by the discretionary power of the court to be exercised in the divorce proceedings.

ID.—RESERVATION OF RIGHT IN DECREE.—The final decree of divorce having given only a limited custody of the child to the mother, to be awarded for such time as in the opinion of the court the interest of the child would best be subserved, and power to control the custody of the child being provided for and reserved in the final decree, the effect of the order was expressly to retain jurisdiction and control of the custody of the child in the divorce proceeding, in so far as it related to the child of the marriage.

ID.—ILLEGAL ADOPTION OF CHILD—REMOVAL BEYOND JURISDICTION—FRAUD UPON ADOPTING COURT—SETTING ASIDE ADOPTION.—Where, pending the application of the father for the custody of the child, and after the court had indicated its intention to change the custody of the child when brought before it, the mother secretly removed the child from the county, and proceedings were instituted in another county for the adoption of the child by other parties, who did not in fact receive custody of it, under the pretext of allowing the mother to take the child out of the state, without notifying the father of such adoption proceeding or notifying the court of the proceeding in the divorce court to change the custody, such adoption proceeding was illegal and void, and operated as a fraud upon the court granting it, and that court properly set it aside on application of the father, to whom the custody of the child was awarded.

ID.—CONSTRUCTION OF CODE AS TO ADOPTION OF CHILDREN.—While it is true that section 224 of the Civil Code with reference to the adoption of children provides that the consent to such adoption is not necessary from a parent adjudged guilty of cruelty in a divorce proceeding, yet this section does not undertake, nor is it intended, to modify the other provisions of the code dealing specifically with the right of custody in the divorce proceedings.

ID.—PRIOR JURISDICTION OF DIVORCE COURT EXCLUSIVE.—The divorce court having acquired jurisdiction of the parties, both of whom had appeared before it by their attorneys, that court had complete power and authority to make such order as in its opinion was for the best interests of the child, and its jurisdiction could not be defeated by removing the child secretly from its jurisdiction, and invoking the jurisdiction of another superior court in the adoption proceedings.

ID.—RIGHT OF FATHER TO NOTICE OF ADOPTION PROCEEDING—JURISDICTIONAL FACT—EXTRINSIC EVIDENCE.—Whether or not the father was entitled to notice of the adoption proceeding was a jurisdictional fact to be determined by the judge from extrinsic evidence.

In all cases it becomes necessary to determine this jurisdictional fact.

ID.—CONCEALMENT OF FACTS AFFECTING JURISDICTION IN ADOPTION PROCEEDING—GROUND FOR RELIEF IN EQUITY.—The record discloses that the fraud practiced upon the court making the order of adoption was the concealment of facts affecting its jurisdiction, by not informing the same of the prior and exclusive jurisdiction of the divorce court in a pending proceeding to determine the custody. of the minor child, of which power no other court could deprive it. Such concealment of jurisdictional facts afforded a ground for relief in equity to avoid the adoption proceeding.

ID.—DOCTRINE OF RELATION.—The divorce court having jurisdiction of the parties, and having orally announced its decision prior to the secretion of the child by the mother, and prior to the inauguration of the adoption proceeding, the equitable doctrine of relation should be invoked to consider the award of the custody of the child to the father as having taken effect by relation to such announcement, so as to protect the right of the father to vacate the adoption proceeding for the fraud practiced by the mother in obtaining it.

APPEAL from a decree of the Superior Court of Los Angeles County setting. aside an order of adoption. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Jennings & Horton, James W. Scott, and Robert C. Owens, for Appellants.

D. K. Trask, and M. M. Starr, for Respondent.

ALLEN, P. J.—This is an appeal from a decree setting aside a judgment or order of adoption of the minor child of plaintiff and Nellie M. Stange, formerly Nellie M. Miller.

Nellie M. Miller procured an interlocutory decree of divorce from the plaintiff, John G. Miller, in the superior court of Contra Costa county on August 16, 1906, upon the ground of extreme cruelty, and the final decree was entered therein on December 2, 1907. By this decree the custody and control of Gerard Miller, a minor, the issue of said marriage, was awarded to said Nellie M. Miller until the further order of the court, subject to the restriction that said child was not to be removed from the jurisdiction of the court, and the

defendant John G. Miller (plaintiff here) should have the
right to visit said minor child at all reasonable times. Nellie
M. Miller thereafter married the defendant H. A. Stange and
left the state of California, leaving the child in the custody of
her mother in Contra Costa county. Whereupon the plaintiff
herein, defendant in said divorce proceeding, on the second
day of September, 1908, filed his petition in said superior
court of Contra Costa county, setting forth the foregoing
and other facts, praying for the custody of the child
and the hearing of said petition was set for September
14, 1908. Witnesses were called and examined on behalf
of both parties, Nellie M. Stange appearing by attorney,
and the court upon the hearing indicated its intention
to vacate the order theretofore made awarding the custody
of the child to said Nellie M. Stange, but the child not being
before the court, the court made an order directing the pro-
duction of said child in court on the fifth day of October,
1908. On this latter date a further continuance was granted
and another order made requiring the production of said
child, and the further order that said last-named order be
served upon the said Nellie M. Stange. It being made to
appear on the 9th of November, 1908, that neither Nellie M.
Stange nor the child could be found in the county, an order
was entered modifying said decree of divorce and awarding
the custody of the child to John G. Miller. During the in-
terim between the 14th of September, and the date of the
actual entry of the order of modification, to wit, on or about
the sixteenth day of October, Nellie M. Stange brought the
child into Los Angeles county and proceedings were insti-
tuted in the superior court of said county by M. V. Higgins,
Vera H. Higgins and the said Nellie M. Stange for the adop-
tion of such child, which proceedings the court in this pro-
ceeding finds were instituted solely for the purpose of avoid-
ing the lawful orders about to be made by the superior court
of Contra Costa county with respect to the custody of the
child, and for the purpose of affording a pretext for the tak-
ing of the child out of the state of California in violation
of such order. It is further found by the court in this pro-
ceeding that neither of the moving parties therein acted in
good faith, that neither of them informed the judge before
whom the adoption proceedings were had, nor was he made

aware of the fact, that proceedings were pending in the superior court of Contra Costa county relative to the custody of said child; that at the time of said adoption proceeding the only persons present in court were the said minor child, the mother, Nellie M. Stange, and the said M. V. and Vera H. Higgins; that the court, in ignorance of the fact that the superior court of Contra Costa county had assumed jurisdiction of the application to change the custody of the child, made its order of adoption, basing the same solely upon the ground that the decree of divorce awarding the custody of the child to the mother was of itself sufficient to warrant the order of adoption, without the father's consent or appearance in said proceedings of adoption; that said Higgins and wife did not assume the custody of said child and have never had the custody of said child since the order of adoption was made, but, on the contrary, the said Nellie M. Stange assumed and took the custody of said child and has ever since retained such custody and has kept and retained said child out of the jurisdiction of the court, to wit, within the state of Illinois; that in November, 1908, the father of said child, respondent herein, first obtained information of the proceedings of adoption, and in December following he filed his complaint setting forth the facts above stated and praying the court for a decree that the said adoption proceedings and the order and decree of adoption were and are illegal and void and that the same be vacated and set aside and plaintiff be decreed to be entitled to the custody of said child.

Issue was presented as to all the matters set forth in the complaint, and the superior court, upon trial and hearing thereof, found the facts as hereinabove narrated and made its order vacating and setting aside said decree and order of adoption, from which action of the court this appeal is taken by appellants.

It is claimed by appellants that the decree of adoption was valid, and that the same was set aside by the court upon the request of a stranger to the proceedings; that Miller was not entitled to notice of the adoption proceedings under section 224, Civil Code; that the concealment from the court of the fact that another court had assumed and was exercising jurisdiction over the custody of the child was not such a fraud as would warrant the annulment of the decree of adop-

tion, and that to warrant the setting aside of a judgment of this character upon the ground of alleged fraud the fraud must have been perpetrated in the actual procurement of the judgment and not in the cause of action upon which the judgment was founded. We do not regard either of the positions taken by appellants as tenable. While it is true that section 197 of the Civil Code, which confers the superior right of the father to the custody, services and earnings of a child, is modified by the subsequent section, which removes this superiority of right in the event the husband and wife are living separate and apart, nevertheless, section 138 of the Civil Code confers upon the superior court in divorce proceedings jurisdiction and authority to make such orders for the custody and care of minor children as it may deem necessary or proper and may at any time modify and vacate the same. This last section is said by our supreme court in *Crater* v. *Crater,* 135 Cal. 634, [67 Pac. 1049], to have been enacted for the purpose of insuring to children of the marriage proper care and attention, and this power of the court cannot be abridged even by an agreement of separation between the parties in which is incorporated an agreement with reference to the custody of the children. (*Black* v. *Black,* 149 Cal. 226, [86 Pac. 505].) It is true that section 224 of the Civil Code with reference to the adoption of children provides that consent to such adoption is not necessary from a father or mother adjudged guilty of cruelty and for such cause divorced, but this section does not undertake, nor is it intended, to modify the other sections of the code dealing specifically with the right of custody. This right to the custody and care of the children of a marriage is not by the code necessarily affected by the cause upon which the decree of divorce is based, and for the obvious reason that the children not being parties to the divorce proceedings and their interests being affected by such a decree, the same are to be protected and guarded by the discretionary power of the court to be exercised in such divorce proceedings. It is within the power of the superior court in divorce proceedings to give the custody and care of the children of a marriage to the guilty party, whatever may be the offense, if in the opinion of the court the awarding of the custody to such parent is for the best interest of the children. It will

14 Cal. App.—11

be observed that in this particular divorce proceeding a limited custody was awarded to the mother; that is to say, a custody to be exercised and maintained while the child was within the jurisdiction of the court, to wit, within the county of Contra Costa, and even then only for such time as, in the opinion of the court, the interests of the child would be best subserved. The effect of the order of the superior court of Contra Costa county was to retain jurisdiction and control of the divorce proceeding in so far as it related to the care and custody of the children of the marriage, and this was provided for in the final decree of divorce. Circumstances having arisen which, in the opinion of the superior court of Contra Costa county, called for the exercise of this jurisdiction, and the parties having appeared before that court in answer to its order and demand and submitted themselves thereto, that court had complete power and authority to make such order as in its opinion was for the best interests of the child with reference to its subsequent custody and control. Having such jurisdiction, the same could not be defeated by removing the child secretly from the jurisdiction of the superior court of Contra Costa county and invoking the jurisdiction of the superior court of Los Angeles county in the adoption proceedings. Whether or not the father was entitled to notice of the adoption proceedings was a jurisdictional fact to be determined by the judge from extrinsic evidence. "Upon the appearance before the judge of the persons seeking to adopt the child and the child, he acquires jurisdiction to entertain a petition for adoption, but at this point it is only jurisdiction to preliminarily investigate and determine whether the presence at the hearing of the parents of the minor child is necessary or not. One parent being present and consenting, it is still incumbent upon the judge to ascertain whether the consent and presence of that parent alone is necessary to the relinquishment of the child, and to confer full jurisdiction to proceed with the hearing and make the order of adoption. . . . In all cases it becomes necessary to determine this jurisdictional fact." (*Estate of McKeag,* 141 Cal. 407, 408, [99 Am. St. Rep. 80, 74 Pac. 1040].)

The record discloses that the fraud practiced upon the court making the order of adoption in this case was the concealment from the court of facts affecting its jurisdiction.

It is unnecessary to cite authorities in support of the proposition that when a court competent to adjudicate upon the subject matter of the litigation obtains jurisdiction over the parties, within the territorial limits of its extent, such court alone has the power to adjudge upon the questions sought to be litigated in the suit, and no other court can deprive it of that power. The court finds, and it is most evident, that but for the concealment of the facts referred to it would not have made this decree of adoption in the first instance. Such concealment of facts affords ground for relief in equity. (1 Bigelow on Fraud, p. 92.) It is clear that the parties to the adoption proceedings concealed from the superior court the facts relative to the action of the superior court of Contra Costa county, and upon which facts the jurisdiction of the superior court of Los Angeles county depended. This was a fraud upon the court. (*Dunham* v. *Dunham,* 162 Ill. 589, [44 N. E. 841].)

We do not regard the case of *Younger* v. *Younger,* 106 Cal. 377, [39 Pac. 779], as having any application to the case under consideration. That case simply determines that where the adoption was regularly had the status of the child was changed, and it no longer remained the child of the parties to the marriage, but became the child of another and its relation to its natural parents ceased, and the jurisdiction of the divorce court was terminated. In that case, however, it is shown that the decree awarding the custody was absolute in its terms and not a limited custody, as here provided, and that no notice was necessary to the offending party in the divorce proceeding, but in that case the assumption of jurisdiction upon application to amend the order, and practically an amendment thereto or an intention to amend made manifest, does not exist. There is a marked distinction between the jurisdiction which a court may exercise and jurisdiction which it has assumed, upon proper notice, to exercise. Further than this, actions for divorce are equitable in their character. (*Wadsworth* v. *Wadsworth,* 81 Cal. 187, [15 Am. St. Rep. 38, 22 Pac. 648].) When necessary for the purpose of justice, courts will, by applying the doctrine of relation, consider an act to have been done at some antecedent period. (*Gibson* v. *Chouteau,* 13 Wall. (U. S.) 92.) The circumstances surrounding the decree entered in this case affecting

the custody of this child, and the rights of the father with reference thereto, furnish an instance where the effect of such decree should, by vacation and modification, be made to operate from the date of the hearing and oral announcement of the decision. Were it assumed that section 224, Civil Code, is intended to deprive a parent, who has been awarded the custody of a child, of the right to notice of adoption proceedings simply because he had violated the marriage obligation in some particular way, would be to render such section invalid as destroying a vested right without due process of law. We think it, however, not necessary to go so far as to determine such section to be unconstitutional but rather to read it in connection with the other sections and construe it as intending to provide for this character of notice in a particular class of cases, of which this is not one.

Judgment affirmed.

Shaw, J., and James, J., concurred.