[Civ. No. 2782. Third Appellate District.—November 26, 1924.]

In the Matter of the Adoption of BENETTA DeLEON, an Infant.

[1] DIVORCE—ADULTERY—CRUELTY—AWARD OF CUSTODY OF MINOR TO OFFENDING PARTY—JURISDICTION.—Notwithstanding the fact that a divorce may be granted against a party on the grounds of his adultery or cruelty, the court having jurisdiction of the proceeding has both the discretion and the jurisdiction to award the custody of a minor child to the offending party.

[2] ADOPTION—MINORS—CUSTODY—SUBDIVISION 2, SECTION 224, CIVIL CODE—CONSTRUCTION OF.—Subdivision 2 of section 224 of the Civil Code, which provides in effect that consent to the adoption of a child is not necessary from a father or mother adjudged guilty of adultery or cruelty, does not, in and of itself, purport to make any disposition or authorize any orders in relation to minor children, but relates simply to the question of consent, and in and of itself does not authorize any disposition of a minor child, such disposition being governed by section 138 of the Civil Code.

[3] DIVORCE—MINORS—TERMINATION OF JURISDICTION.—The care and custody of a minor child can only be inquired into in a divorce proceeding while the child is and continues to be, in contemplation of law, the child of the divorced parents; and if by any legal proceeding this relationship is extinguished, the jurisdiction and power of the court in which the divorce proceedings were taken and had immediately terminate.

1. See 9 R. C. L. 471; 9 Cal. Jur. 792.

2. Divorce of parents as affecting necessity of consent to adoption, note, Ann. Cas. 1914A, 223. See, also, 1 Cal. Jur. 437.

[4] ID.—DEATH OF PARENT TO WHOM CUSTODY IS AWARDED—ORDER OF AWARD INOPERATIVE.—When the parent to whom the custody of a child in a divorce proceeding is awarded dies, the order of award becomes immediately of no force or effect, for the reason there is no one upon whom it can operate or anyone in existence capable of asserting any rights thereunder.

[5] ID.—PARTIES TO WHOM CUSTODY MAY BE AWARDED.—It is within the power of the superior court in making disposition of a minor child of divorced parents to award the care, custody, and control thereof to persons other than either of the parents of such child as well as to either the innocent or the offending party when the decree is entered, based upon an act of cruelty or adultery.

[6] ADOPTION — CONSENT — SUBDIVISION 2, SECTION 224, CIVIL CODE— —CONSTRUCTION.—Subdivision 2 of section 224 of the Civil Code, which provides in effect that consent to the adoption of a child is not necessary from a father or mother adjudged guilty of adultery or cruelty, must be interpreted and applied to the circumstances and conditions disclosed by the facts in each case and also read in connection with section 138 of the Civil Code.

[7] ID.—JUDGMENT—COLLATERAL ATTACK.—Neither the parties to an adoption proceeding nor their heirs or personal representatives are entitled to attack collaterally a judgment of adoption because of errors or irregularities in the matter of procedure, after the order has been recognized and treated as valid by the parties thereto.

[8] DIVORCE — DEATH OF PARENT TO WHOM CUSTODY IS AWARDED — RIGHT OF SURVIVING PARENT TO CUSTODY — EFFECT OF DECREE UPON.—A decree of divorce which simply awards the custody of a minor child either to an offending or unoffending parent, in legal effect, suspends and does not in and of itself absolutely terminate or end the natural and common-law right of a parent of a child, and upon the death of the parent to whom the child has been awarded, the surviving parent has a natural and common-law right to be heard as to the disposition to be made of the child after the death of the parent to whom the child has been awarded.

[9] ID.—CUSTODY OF MINORS—MODIFICATION OF DECREE.—Irrespective of the terms or the wording of the decree awarding the custody of a minor child to one of the parents in a divorce proceeding,

---

4. See 9 R. C. L. 478; 9 Cal. Jur. 795.

5. See 9 Cal. Jur. 790.

7. Collateral attack on decree of adoption, notes, 13 Ann. Cas. 587; Ann. Cas. 1914D, 237. See, also, 1 R. C. L. 626; 1 Cal. Jur. 446.

8. See 1 R. C. L. 609; 1 Cal. Jur. 436.

9. See 9 R. C. L. 476; 9 Cal. Jur. 797.

that decree, under the terms of section 138 of the Civil Code, may at any time during the minority of the child be either modified or entirely vacated; and unless some other disposition has been made of the child under the provisions of section 224 of the Civil Code, no order of the court made, based upon said section 138, can be considered either a final or an absolute determination as to the custody of the child.

[10] ADOPTION—DEATH OF PARENT TO WHOM CUSTODY IS AWARDED—SUBSEQUENT ADOPTION OF MINOR—ABSENCE OF NOTICE TO SURVIVING PARENT—INVALIDITY OF ADOPTION.—Where the father of a minor child, to whom the custody of such child was awarded in a divorce proceeding on the ground of the mother's cruelty toward the father, died, and subsequent to the father's death the child was adopted without notice to the mother, the decree of adoption was properly set aside, as the natural and common-law right of the surviving parent (the mother) to the custody of the child and to be heard as to any disposition proposed to be made of said child immediately revived and came into active force and effect on the death of the father.

---

(1) 19 C. J., p. 346, sec. 800.    (2) 1 C. J., p. 1387, sec. 78.    (3) 19 C. J., p. 341, sec. 787.    (4) 19 C. J., p. 349, sec. 807.    (5) 19 C. J., p. 344, sec. 796.    (6) 1 C. J., p. 1387, sec. 78.    (7) 1 C. J., p. 1390, sec. 94.    (8) 1 C. J., p. 1389, sec. 88.    (9) 19 C. J., p. 349, sec. 809. (10) 1 C. J., p. 1392, sec. 107.

APPEAL from an order of the Superior Court of Solano County vacating an order and judgment of adoption. W. T. O'Donnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. U. Goodman, S. M. Spurrier and Kenneth I. Jones for Appellants.

Atran & Sheets for Respondent.

PLUMMER, J.—This is an appeal from an order vacating and setting aside an order and judgment of the superior court of Solano County, made and entered in the matter of the adoption of Benetta DeLeon, an infant.

---

10. Validity of adoption proceeding not in conformity with statute, notes, 12 Ann. Cas. 144; Ann. Cas. 1916D, 1110.

Consent of parents as prerequisite to adoption, note, Ann. Cas. 1914A, 221.

The facts, as gleaned from the judgment-roll herein, are as follows: On or about the first day of October, 1921, in the superior court of the state of California, in and for the county of Colusa, one George DeLeon was awarded a decree of divorce from Elizabeth DeLeon, then and theretofore his wife, on the grounds of cruelty. In the decree, and as a part thereof, the said George DeLeon was awarded the care, custody, and control of Benetta DeLeon, a minor child of said parties, then an infant of the age of about six years. After the entry of the decree of divorce, as herein mentioned, George DeLeon placed the said Benetta DeLeon with Alma E. Blood and Horace B. Blood, the petitioners for the adoption of said infant and the appellants in this proceeding. On the twenty-eighth day of October, 1921, the said Elizabeth DeLeon intermarried with one John Spurgeon. On the second day of September, 1922, George DeLeon died. Thereafter, and upon the 12th of September, 1922, the said Alma E. Blood and Horace B. Blood filed their petition for the adoption of the said Benetta DeLeon and thereupon, and upon the same day, the superior court of the county of Solano in which said petition was filed made and entered its order by the terms of which the said Benetta DeLeon was adjudged to become then and there the adopted child of the said Alma E. Blood and Horace B. Blood. No notice of the proceeding leading up to the order of the court last aforesaid, pertaining to the adoption of said infant, was given to the said Elizabeth DeLeon (Spurgeon), the surviving mother of said infant. Thereafter, and within the time mentioned in section 473 of the Code of Civil Procedure, Elizabeth DeLeon (Spurgeon), as the mother of said child, filed her notice of motion in the matter of said adoption proceeding in the superior court of the county of Solano, accompanying said notice of motion with an affidavit setting forth, among other things, that she first learned of the death of the father of said child, George DeLeon, on or about the fourteenth day of September, 1922; that thereupon she endeavored to and did ascertain the whereabouts of the child in question, and then learned for the first time of the adoption proceedings taken and had as hereinbefore referred to. Application was then made by the said Elizabeth DeLeon (Spurgeon) to the superior court of the county of Colusa for a

modification of the order awarding custody of the said Benetta DeLeon to George DeLeon, and that such modification was made and the custody of said child purported to be given thereby to the said Elizabeth DeLeon (Spurgeon). Other matters are set forth in the affidavit not necessary to be mentioned herein. Thereafter, and in pursuance of said notice, the said Elizabeth DeLeon (Spurgeon) moved the superior court of Solano County to vacate the order of adoption theretofore made in the matter of the said Benetta DeLeon, an infant, upon the following grounds, to wit:

"1. That said decree of adoption was made in said above matter against the said Elizabeth Spurgeon, through her mistake, inadvertence, surprise and excusable neglect.

"2. That the court is and was without jurisdiction to hear, try or determine the matters or things set forth and contained in the petition for adoption in the above entitled matter, or to make or enter the said decree of adoption therein.

"3. That said decree of adoption is contrary to and in violation of article I, section XIII, of the Constitution of California, in that it deprives said Elizabeth Spurgeon of her property without due process of law."

Upon the hearing of said motion the trial court made and entered its order setting aside and vacating the decree of adoption theretofore entered in the matter of said minor, and set the petition of the said Horace B. Blood and Alma E. Blood for the adoption of said minor down for further hearing. It is from this order that the petitioners for the adoption of said minor prosecute this appeal.

The appellants base their appeal entirely upon subdivision 2 of section 224 of the Civil Code, relating to the adoption of infants. That section provides that "a legitimate child cannot be adopted without the consent of its parents, if living," and then provides that "consent is not necessary from a father or mother adjudged guilty of adultery or cruelty and for either cause divorced." It will be noticed that nothing is said in this subdivision of section 224 about the consent of the person to whom the child may be awarded when the divorce is granted upon either of the specified grounds. [1] Notwithstanding the fact that the divorce may be granted against a party on the grounds of his adultery or cruelty, the court having jurisdiction of the proceeding has both the

discretion and the jurisdiction to award the custody of a minor child to the offending party; this in view of the fact, as has been said, "the offense is against the other party to the marriage and not against the child." [2] Subdivision 2 of section 224 of the Civil Code does not, in and of itself, purport to make any disposition or authorize any orders in relation to minor children, but, relates simply to the question of consent, and in and of itself does not authorize any disposition of a minor child. Such disposition is governed by section 138 of the Civil Code. That section reads as follows: "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same." [3] Whatever may be the terms of the order awarding the custody of a minor child to either of the parents in a divorce proceeding, it is evident from the wording of this section that so long as the child involved continues to be a minor there is no such thing as a final order pertaining to the custody of such child. The care and custody of the child can be inquired into at any time. This care and custody, however, can only be inquired into while the child in question is and continues to be, in contemplation of law, the child of the divorced parents. If, by any legal proceeding, this relationship is extinguished, the jurisdiction and power of the court in which the divorce proceedings were taken and had immediately terminate. [4] The same reasoning would lead to the conclusion that when the parent to whom the custody of a child in a divorce proceeding is awarded dies, the order of award becomes immediately of no force or effect, for the simple reason there is no one upon whom it can operate or anyone in existence capable of asserting any rights thereunder. [5] Again, it is within the power of the superior court in making disposition of a minor child of divorced parents to award the care, custody, and control thereof to persons other than either of the parents of such child as well as to either the innocent or the offending party when the decree is entered, based upon an act of cruelty or adultery. The literal reading of subdivision

2, which, as aforesaid, provides that consent is not necessary from a father or mother adjudged guilty of adultery would require the giving of consent to adoption by the innocent party, although as absolutely divested of the care, custody, and control of the minor child as it is within the jurisdiction of the superior court, trying a divorce case, to adjudicate and determine. Such literal reading would at the same time dispense with the consent and, as a corollary, obviate the necessity of notice being given to the offending party, although the offending party may be given the care, custody, and control of the minor involved as absolutely and completely as lies within the jurisdiction of the superior court in divorce proceedings. A literal reading of the subdivision would also authorize the adoption of minors placed in the custody of third persons without any notice being given or any modification being made of orders provided for in said section 138. [6] From what we have said, it is apparent that the language of subdivision 2 of said section 224 of the Civil Code, cannot be given the absolute finality and conclusiveness insisted upon by appellant, but said subdivision must be interpreted and applied to the circumstances and conditions disclosed by the facts in each case and also read in connection with section 138 of the same code. The award of the custody of the child made in the instant case is in the following words: "It is hereby ordered and decreed that the custody of the minor child of the parties, to-wit, Benetta DeLeon, be and the same is awarded to plaintiff." There is no adjudication of the unfitness of either party. In the application of the rules involving any determination of the rights of the parties in adoption proceedings, whether the attack is direct or only collateral, must be borne in mind. In 1 Cal. Jur. 446, section 28, we find the law stated as follows: [7] "Neither the parties to an adoption proceeding nor their heirs or personal representatives are entitled to attack collaterally a judgment of adoption because of errors or irregularities in the matter of procedure, after the order has been recognized and treated as valid by the parties thereto." Therein citation is made of a number of instances where a collateral attack has been held ineffectual. The first case relied upon by the appellant herein is that of *In re Williams,* 102 Cal. 70 [41 Am. St. Rep. 163, 36 Pac.

407]. In that case a decree of divorce had been entered on the grounds of cruelty of the father and the custody of their minor child awarded to the mother. Thereafter said minor child was adopted by Mrs. Lewellyn Williams. At the time of the adoption, the mother of the infant was dead; the father of the child was still living. Notice of the adoption proceedings was not given to him. The point was made that the adoption proceedings were invalid by reason of the absence of notice thereof to the father. The adoption proceedings thus came in question only collaterally. Under these circumstances the court held as follows:

"The remaining question to be considered is whether the validity of the order of adoption is affected by the fact that it was made without the consent of the father of respondent, and without notice to him. As already stated the father of respondent had been divorced from the mother on the ground of his adultery, and such being the case, his consent to the order of adoption was rendered unnecessary by the express provisions of section 224 of the Civil Code then and now in force. The fact that the decree of divorce was made before the enactment of our Civil Code, and for an act of adultery committed in another state, did not make that section inapplicable to the proceeding taken by the deceased for the adoption of respondent, and to so hold is not to give any retroactive or extraterritorial effect to the provisions of that section. The section simply declares under what circumstances the consent of the natural parent shall not be required in a proceeding for the adoption of a child, and it was intended to furnish the rule in regard to that matter in all subsequent applications for adoption under the statute. It i _rgued, however, by counsel for appellants that it is not in the power of the state to deprive a parent of the natural right to his child for such a cause, without at least affording him an opportunity to appear and answer the charge in the proceeding which is taken for the purpose of severing his parental relations. Whatever force there might be in this position in a case where the natural father of an adopted child, was asserting his right to the custody of such child, or in an action brought by him to recover the value of its services from the adopted parent, it seems to us that the question thus argued by counsel does not arise here. The

father of the respondent is dead; but, if he were alive, no
rights of his would be impaired by giving force and effect
to the contract of adoption, and permitting respondent to
succeed to the estate of the deceased as the adopted child of
the latter.''

The right of a natural parent to be heard in the adoption
proceedings was not involved in the Williams case. The
holding is, in effect, that, as the natural parent was not
asserting any right to the care, custody, and control of the
minor child involved, it did not lie within the power of
anyone to assert such rights and privileges for the purpose
of attacking collaterally the right of the minor to succeed
to the estate of a deceased adoptive parent. In other words,
the right of the parent was individual and could not be as-
serted by any other. In the case of *Younger* v. *Younger,*
106 Cal. 377 [39 Pac. 779], alleged to be determinative in
this proceeding, we find the facts to be as follows: In Febru-
ary, 1891, Georgia A. Younger obtained a decree of divorce
from her husband, Edward A. Younger, on the ground of
extreme cruelty, the decree having been granted in the su-
perior court of Santa Clara County, and was awarded the
custody of their minor child, a son, Hyatt Tisdale Younger;
that immediately after the entry of the decree of divorce in
said action the mother, with her said son, took up her resi-
dence in the county of Yolo, and, on or about the thirty-first
day of July, 1891, in a proceeding had in the superior court
of the county of Yolo, based upon the consent of the mother
and the petition of D. W. Hyatt, filed in said court, in con-
formity with the provisions of the Civil Code, an order of
adoption was entered adjudging said Hyatt Tisdale Younger
to be the duly adopted child of the said D. W. Hyatt. After
these proceedings were taken and had, upon application by
the natural father of said Hyatt Tisdale Younger, the su-
perior court of the county of Santa Clara made an order
modifying the decree of divorce theretofore entered in the
said case of *Younger* v. *Younger* relating to the custody of
the minor child in question, purporting to provide for the
bringing of said minor child to Santa Clara during the
month of July each year and allowing the father to retain
the custody of said child during such period. The validity
of this latter order was the question before the supreme

court, and involved the construction of section 138 of the Civil Code to which we have heretofore referred. The court there said: "It is obvious that the jurisdiction and powers conferred by this section must be read and construed with, and in view of, the rights conferred by the provisions of the code with reference to adoption. So construed, the jurisdiction conferred by section 138 subsists so long only as the status of the child remains that a child of the parties—'of the marriage.' This, as we have seen, it has ceased, in legal contemplation to be. It would hardly be contended that the jurisdiction of the divorce court would continue after the death of a child, or after the attainment of its majority, or after the death of its parents. In the first two instances jurisdiction would wholly cease; and in the last it would devolve upon the court sitting in probate for the care of orphans. By the adoption the child is as entirely removed from the jurisdiction as in either of the instances suggested. The various provisions of the code are to be construed in harmony and so as to give all their appropriate and intended effect. To give to section 138 the effect contended for would be to abrogate or render nugatory the provisions for adoption as to one of the very instances specially provided for by section 224."

The adoption in this case was had at a time when the award of the custody of the child involved, made at the time of the entry of the decree of divorce, was in full force and effect. The decree was entered against the father on the grounds of cruelty and gave to the mother the full power and control of disposition of the child, and this full control and power of disposition was subsisting, and in full force and effect, at the time she consented to the adoption of her infant son. Until the entry of the decree of adoption no modification of the order made under the provisions of section 138 had ever been made or petitioned for. At the time of the adoption the mother was the living person in whom the power of consent was vested, and having been duly and regularly exercised, the status of the child became inexorably fixed as the legal child of the adoptive parents and the superior court of Santa Clara County in the divorce proceeding thereafter had no jurisdiction to make any valid order pertaining to the custody of the child.

In the case of *Bell* v. *Krauss,* 169 Cal. 387 [146 Pac. 874], a divorce was granted to Leila F. Bell from her husband, Jesse M. Bell, on the ground of neglect and failure to provide and two minor children of said parties were awarded to Mrs. Bell. Thereafter Hugh I. Krauss and Birdie M. Krauss petitioned for the adoption of the minor child herein referred to. The adoption proceedings were had in the superior court of the county of Los Angeles and it appears that no notice of said proceeding was given to Jesse M. Bell, the father of said minor child, nor was any consent ever given by him to such adoption. Thereafter an action was begun by the said Jesse M. Bell against Hugh I. Krauss and Birdie M. Krauss, his wife, to vacate and set aside the order of adoption. Proceedings were also noticed by motion under section 473 of the Code of Civil Procedure. The trial court sustained a demurrer to the complaint filed by Jesse M. Bell, and also denied his motion based upon said section 473 of the Code of Civil Procedure. The supreme court reversed the judgment based upon the demurrer referred to, but affirmed the order based upon section 473 of the Code of Civil Procedure for the reason that it was made after the expiration of six months. In discussing the questions involved the court said:

''There was no finding that the father was an unfit person to have possession and control of the child. The placing of the infant in charge of the mother was not such judicial deprivation of the custody of the child on account of the neglect of the father as is contemplated in section 224 of the Civil Code. Divorces are not granted for offenses against children and the bestowal of the custody of a minor in a divorce action is not, unless otherwise provided by statute, an adjudication of the fitness of the parent who is for the time denied the right to retain possession of the child. It is nothing more than the expression of the court's belief that under the circumstances then existing, the welfare of the child would be best subserved by placing said child with one of the parents rather than the other. Upon the death of a mother to whom a child has been given by a decree of divorce, the father becomes entitled to the custody of the child. (*Schammel* v. *Schammel,* 105 Cal. 261 [38 Pac. 729] ; Civ. Code, secs. 197 and 246; Code Civ. Proc., sec. 1751.) *Prima*

*facie* a parent is presumed competent and he is entitled to have the custody of his child unless found by the court to be incompetent. *(In re Campbell,* 130 Cal. 383 [62 Pac. 613].)''

The case of *Bell* v. *Krauss* does not bear directly upon the interpretation of subdivision 2 of section 224 of the Civil Code, for the reason that the grounds of divorce in that case were different from those referred to in said subdivision, but the case does bear directly upon the rights of a surviving parent and upon the situation as presented when the parent to whom the custody of a minor child has been awarded is dead, prior to any disposition of the child by the parent to whom its custody may have been awarded, and prior to any change or modification in the order making the award. In the *Matter of Cozza,* 163 Cal. 514 [Ann. Cas. 1914A, 214, 126 Pac. 161], the question of notice to the guilty party awarded the custody of the minor child where the divorce was granted upon the ground of extreme cruelty came directly before the court for determination. In that case the father was granted a divorce from the mother on the ground of extreme cruelty, but the minor child of the marriage was awarded without any limitation to the mother. The divorce was granted in the state of Washington. Thereafter the mother came with the child involved in said action to the county of Santa Clara, in the state of California, where it appears the child was taken charge of by the superior court of said county, under and in accordance with the provisions of the Juvenile Court Law (Stats. 1915, p. 1225). Thereafter such proceedings were taken and had that the superior court made an order of adoption whereby the child in this action was adopted. In the proceedings so taken and had, no notice was given to the mother of said child. In making the order the court found as to the decree of divorce, as stated above, and as alleged in the petition for adoption and held that, as the decree of divorce in the state of Washington was granted on the ground of cruelty toward her husband on the part of the mother of the child, her consent to the adoption of the child, under section 224 of the Civil Code, was unnecessary. In discussing the questions involved upon appeal, the court expressed its views as follows:

"The court found that, notwithstanding her primary right to her child and its custody, she had lost all right to object to being deprived of it under the adoption proceeding, or to insist that this could not be done by order of the court without her consent, by virtue of the decree of divorce, and, further, because, she had deserted and abandoned it within the meaning and intent of section 224 of the Civil Code.

"We are satisfied, however, that the court improperly construed the section as to the effect on consent of the decree as the terms of that decree stand, and that the evidence does not sustain the conclusion of the court that either the child had been deserted or had been abandoned by its mother within the meaning of said section 224, or deserted or abandoned at all so as to preclude the necessity for consent to its adoption.

"Discussing these matters separately, and, first, as to the effect of the decree of divorce on consent under the section. The trial court, reading this section literally, held that as the decree of the superior court in Washington between the parents of the child was granted to the husband for cruelty on the part of the wife, her consent to the adoption of her child was, under the section, unnecessary, ignoring entirely the fact that, notwithstanding the decree was in favor of the husband, the custody of the children was, by the very terms of the decree, awarded absolutely to her; not a limited but an absolute one as far as the custody is concerned.

"Appellant here—the mother—contends that this is not the proper construction to be given to the section, and that if it is to be so construed it is, as far as it attempts to deprive her of the right to the custody of her children judicially awarded her by the decree of divorce without notice or her consent, unconstitutional, as depriving her of a vested right to her child without due process of law.

"There is no necessity for considering this constitutional objection, because we do not think the section is subject to the literal construction which the superior court placed upon it. Such a superficial interpretation is not permissible when the spirit of our laws and the particular purpose of the enactment of the section respecting consent and the power of courts in divorce proceedings over the custody of the children of the marriage are considered.

"In the latter proceeding the court has power and authority to make such orders as it may deem necessary and proper for the custody of the children of the marriage, without being constrained in any respect by the cause for which the divorce is granted, and may at any time vacate or modify such order. While section 224 provides generally that consent shall not be necessary to the adoption of children of the marriage from the parent against whom the decree is granted on the ground of cruelty, the section stops there. It does not assume to interfere with the orders of the court in divorce proceedings as to the custody of children."

After further discussion of the case, the supreme court held that, even though the divorce had been granted to the husband on account of the extreme cruelty of the wife, the child having been awarded to her, notice of the proceeding to adopt the child in question was absolutely necessary, and the proceeding having been had without the giving of such notice and without her consent, the order of the trial court was reversed. In the instant case there are facts and circumstances disclosed by the record which differentiate it in some particulars from any of the cases which we have been considering. [8] The father, to whom the custody of the child was awarded by the superior court, when the decree of divorce was granted him on the ground of the cruelty toward him of the mother of the child, was dead. Whatever rights concerning the child theretofore vested in him immediately ceased. Was the child thereupon *ipso facto* set at large as an abandoned child or as a wanderer upon the face of the earth to whom nobody had any legal rights? We think not. In 19 C. J. 349, the general rule in regard to such cases is thus stated:

"On the death of the parent to whom the custody of the child is awarded, the other parent ordinarily succeeds to the right of custody, although where the surviving parent is an unfit associate for the children, their custody will not be taken from respectable relatives of the deceased parent; but, in analogy to the rule as to the termination of alimony on the death of the husband, it has been held that, upon the death of either parent, the right of the other to the custody of a child under the decree ends, at least in the case of the decree which awarded the custody 'during the joint' lives of the

parents, the rights of the survivor in such cases thereafter being those of a surviving parent, governed by the common law and not by the decree. Neither parent can give away by will the custody of a child as against the survivor.''

In *Schammel* v. *Schammel*, 105 Cal. 258 [38 Pac. 729], it was held that, ''Upon the death of the mother the father again became entitled to the custody of the child, and this right continued until a guardian of her person was appointed. In the *Matter of Allen*, 162 Cal. 625 [124 Pac. 237], the court had before it the question of the rights of a surviving parent, after the death of a parent to whom the minor child had been awarded in divorce proceedings, and it was there held that the award of the child to the mother did not absolutely end the father's right to its control; it merely determined ''that as between the husband and wife, the child should be placed in the custody of the latter until some other disposition should be made. It did not undertake to provide for the custody of the child after the mother's death.'' It was further held ''upon the death of the parent to whom is awarded the custody of a minor child by the decree divorcing the parents, the other parent becomes entitled to the custody.'' The cases involving this question are there set forth in full and clearly establish the rule which we are here stating, to wit, that a decree of divorce which simply awards the custody of a minor child either to an offending or unoffending parent, in legal effect, suspends and does not, in and of itself, absolutely terminate or end the natural and common-law right of a parent of a child, and that, upon the death of the parent to whom the child had been awarded, the surviving parent has a natural and common-law right to be heard as to the disposition to be made of the child after the death of the parent to whom the child has been awarded. [9] We may say that, irrespective of the terms or the wording of the decree awarding the custody of a minor child to one of the parents in a divorce proceeding, that decree, under the terms of section 138 of the Civil Code, may at any time during the minority of the child be either modified or entirely vacated. Hence, unless some other disposition has been made of the child under the provisions of section 224 of the Civil Code, no order of the court made, based upon said section 138, can be considered

either a final or an absolute determination as to the custody of the child. In the case at bar, we think that upon the death of the parent to whom the child was awarded the decree of the court awarding custody of the child to such deceased parent immediately terminated. In the case of *Miller* v. *Higgins*, 14 Cal. App. 156 [111 Pac. 403], the divorce had been granted to the mother on the grounds of extreme cruelty of the husband and father, and thereafter an application was made to modify the award of the custody of the child, and after notice of the application, the mother removed the child from the county of Contra Costa to the county of Los Angeles, where, with her consent, adoption proceedings were had. Application was made by the father to have the order of adoption set aside. This being granted, an appeal was taken therefrom. It was there contended that Miller, against whom the divorce decree had been entered upon the ground of cruelty, was not, under the terms of subdivision 2 of section 224 of the Civil Code, entitled to notice. The court there said: "Whether or not the father was entitled to notice of the adoption proceedings was a jurisdictional fact to be determined by the judge from extrinsic evidence. 'Upon the appearance before the judge of the persons seeking to adopt the child and the child, he acquires jurisdiction to entertain a petition for adoption, but at this point it is only jurisdictional to preliminarily investigate and determine whether the presence at the hearing of the parents of the minor child is necessary or not. One parent being present and consenting, it is still incumbent upon the judge to ascertain whether the consent and presence of that parent alone is necessary to the relinquishment of the child, and to confer full jurisdiction to proceed with the hearing and make the order of adoption. . . . In all cases it becomes necessary to determine this jurisdictional fact.' (*Estate of McKeag*, 141 Cal. 407, 408 [99 Am. St. Rep. 80, 74 Pac. 1040].) "

In the Miller case, the case of *Younger* v. *Younger, supra*, is also considered and the fact pointed out, just as we have stated, that the status of the child had been changed during the time that there existed a living person actually capable of giving consent to such change, and, in that particular, differs from the case at bar. The question of concealment

was also involved in the Miller case, but that does not prevent that decision from being an authority upon the question of notice. [10] The Miller case has been called to our attention upon the further ground that adoption proceedings without notice may possibly be violative of section 13 of article I of the state constitution, but, for the reasons hereinbefore stated, we do not think it necessary to discuss any constitutional principles involved in this action, holding, as we do, that the natural and common-law right of the surviving parent to the custody of the child in question and to be heard as to any disposition proposed to be made of said child, immediately revived and came into active force and effect on the death of the parent to whom the child had been awarded. It follows that the trial court was correct in setting aside the decree of adoption made in this case without notice to the surviving parent. The order appealed from is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1925.

All the Justices concurred.