Arden B. HAMMER, Plaintiff, v. Robert W. HAMMER, Defendant.

In the Matter of the Adoption of Robert Ray HAMMER and William Wayne Hammer, minor children.

Nos. A–3362, A–3549.

District Court, Alaska. First Division, Ketchikan.

April 6, 1956.

P. J. Gilmore, Jr., Ketchikan, Alaska, for plaintiff-appellant.

Ziegler, Ziegler & Cloudy, Ketchikan, Alaska, for R. H. and Annie Armstrong, appellees.

HODGE, District Judge.

Decree was entered in the above entitled divorce action on November 27, 1953, granting a divorce to the defendant husband upon his cross complaint, and awarding the custody of two minor children to him, with provision that the children shall live with the maternal grandparents, Mr. and Mrs. R. H. Armstrong, at Wrangell, with right of visitation to the plaintiff at all reasonable times.

On April 20, 1955, the plaintiff, since remarried, filed a petition to modify the decree upon the grounds of change of circumstances of the parties, asking that she be awarded the custody of the children. Contemporaneously with such petition plaintiff and her husband gave notice of appeal from an order of adoption entered by the Probate Court for Wrangell Precinct upon the petition of Mr. and Mrs. Armstrong, actual custodians of the children. It appears from the transcript of such proceeding that notice of hearing of the petition was personally served upon the plaintiff, that she appeared in the proceeding, was heard in opposition to the petition, and that the Court granted the adoption over her protests. A few days thereafter plaintiff filed in such proceeding a motion to dismiss upon the grounds of non-compliance with Sec. 21–3–12, A.C.L.A.1949, which was denied by the Probate Judge. Bill of exceptions filed alleged lack of jurisdiction in the Probate Court to order the adoption, based upon the reservation of jurisdiction over the children in the divorce decree.

Both matters came on for hearing before the late Judge Folta who filed a memorandum opinion holding that the adoption of a child over whom continuing jurisdiction is reserved by a divorce decree is not a wrongful interference with such jurisdiction or precluded by the reservation there-

of; but requesting that briefs be submitted upon the question of whether or not the provisions of subsection (e) of Sec. 21–3–13 of the code that no consent is required of a divorced parent who was not awarded full or part-time custody of the child sought to be adopted, is valid, which were submitted to the undersigned judge. This is the only issue here.

The pertinent parts of the statute referred to are as follows:

Sec. 21–3–12. *"Consent required * * *.* Written consent to such adoption must be filed prior to a hearing on such petition, as follows: * * * (b) If the person to be adopted be of legitimate birth or one whose birth has been subsequently legitimatized, and a minor, then by each of his living parents, except as hereinafter provided."

Sec. 21–3–13. *"Consent not required.* No consent for adoption of a minor shall be required as follows: * * * (e) From a divorced parent who was not awarded full or part-time custody of such child; providing however, that personal service of a copy of the petition and notice of hearing upon such parent within or without the Territory of Alaska must be accomplished in all such cases not less than twenty (20) days prior to the date of such hearing."

Exhaustive research relating to statutes of this character or similar statutes respecting the effect of divorce proceedings in adoption cases fails to disclose any decision of a court of original or appellate jurisdiction holding such statute to be invalid for Constitutional reasons or other causes, including cases applying a statute of Oregon almost identical with our statute, Sec. 63–402, Vol. 5, Oregon C.L.A.

A Washington statute, Rem. & Bal.Code, § 1696, providing that if the parents are "living separate and apart" the consent of both is not required, "but such consent may be given by the parent having the care, custody and control of such child", was expressly held not to be unconstitutional in the case of In re Beers' Adoption, 78 Wash. 576, 139 P. 629. Similarly, an Ohio statute, Gen.Code, § 8025, providing that in adoption proceedings consent of the parent awarded custody of the child by divorce decree shall suffice provided the court which granted such decree approves of such consent, is held not in contravention of either the State or Federal Constitutions. State ex rel. Booth v. Robinson, 120 Ohio St. 91, 165 N.E. 574.

Nor am I able to find under the general principles controlling adoption proceedings that such legislative enactment is invalid. Plaintiff directs attention to the statutes of a number of states requiring the consent of both parents unless one has forfeited such right by some misconduct such as cruelty or abandonment of the child, and requiring a judicial finding to that effect; and urges broadly that a statute which attempts to divest a parent of its natural right without any basis of unfitness of the parent is "violative of the fundamental law of our land" and must be declared invalid.

It is true that statutes relating to adoption generally require the consent of both parents unless one has forfeited such right by such misconduct, in which cases it is held that the law secures such parent in this right so long as he shall discharge the correlative duties and obligations of a parent and no longer. Under such statutes it is the fact of the misconduct, rather than that of the resulting divorce, which forms the basis of adoption without consent. 1 Am.Jur., Adoption, 642, Sec. 41; Annotations, 91 A.L.R. 1387, 30 L.R.A.,N.S., 146, 18 L.R.A.,N.S., 926.

However, this principle has been extended by statutory provision to require no consent from the parent not award-

ed custody of a child in divorce proceedings, in which cases it is held that the consent of the parent having custody of the child is not sufficient to sustain the proceeding as against the parent not consenting thereto, who has not been given notice of the proceeding. 1 Am.Jur., supra, Sec. 43; Annotations, 24 A.L.R. 424, 91 A.L.R. 1388, 30 L.R.A.,N.S., 151.

The principle of all such statutes is that the right of a parent with respect to his child is not an absolute, paramount, proprietary right or interest in or custody of the child, and that the legislature may interpose between the parent and the child such regulations as it may deem best for the welfare of either, by reason of the duty of the State as "parens patria" to guard the interests of such children, the welfare of which is always the paramount consideration.

Although there is authority to the contrary, notice is generally considered essential. But this question, as argued by counsel, does not apply here, for our statute specifically provides for such notice; and in fact plaintiff in the instant case was not only given notice but also appeared in the adoption proceeding and was heard thereon.

A further question arises as to the effect of a divorce decree granting the right of visitation to the parent not awarded the custody of the child. There are decisions holding that in order to enable one parent having custody and control of the child to effectually consent to adoption by another, such control must be absolute and unconditional, and that it is not sufficient if the other parent is given the right of visitation by divorce decree. In re Jackson, 55 Nev. 174, 28 P.2d 125, 91 A.L.R. 1381; In re Lease, 99 Wash. 413, 169 P. 816; In re Force, 113 Wash. 151, 193 P. 698; In re Walker, 170 Wash. 454, 17 P.2d 15; Smith v. Smith, 67 Idaho 349, 180 P.2d 853; Onsrud v. Lehman, 56 N.M. 289, 243 P.2d 600. However, in all of these cases no notice was given to the parent not having such cus-

tody, and in some, as the Jackson and Lease cases, there were other reservations of parental rights in the divorce decree.

Fundamentally, in the absence of consent, it is the want of notice to the parent not having custody, or an opportunity to be heard, which deprives the court in adoption proceedings from jurisdiction to enter a decree, both under statutes requiring a finding of misconduct to avoid the necessity of consent, and those which do not. Annotation, 24 A.L.R. 424; Furgeson v. Jones, 17 Or. 204, 20 P. 842, 3 L.R.A. 620; Miller v. Higgins, 14 Cal.App. 156, 111 P. 403; Bell v. Krauss, 169 Cal. 387, 146 P. 874; Beatty v. Davenport, 45 Wash. 555, 88 P. 1109, 122 Am.St.Rep. 937; Smith v. Smith, supra; In re De Leon, 70 Cal.App. 1, 232 P. 738; State ex rel. Sheble v. District Court, 92 Mont. 411, 15 P.2d 238; In re Kelly's Adoption, 47 Cal.App.2d 577, 118 P.2d 479; In re Hampton's Estate, 55 Cal.App.2d 543, 131 P.2d 565, 571–576. Hence if it was the intent of the statute to cut off all right of a parent awarded such right of visitation to be heard, such would doubtless be invalid; but the Legislature expressly provided for protection of any such right by notice.

I am unable to find that the right of visitation is equivalent to actual or part-time custody; or that the right of visitation gives actual custody of a child. In re Hardesty's Adoption, 150 Kan. 271, 92 P.2d 49; In re Welfare of a Minor, 45 Wash.2d 20, 273 P.2d 243.

Where a protesting party not having legal custody of a child appeared and subjected herself to the jurisdiction of the court, the adoption may be decreed without her consent and notwithstanding her objections. In re Gallegos, 21 Ariz. 250, 187 P. 573; Crosby v. Harral, 35 N.M. 575, 4 P.2d 655.

Statutes relating to adoption, being in derogation of the common law, must be strictly construed, but in this instance all statutory requirements were complied with. In

such cases, the court in a divorce action cannot thereafter modify the decree so as to give custody to the parent not awarded custody of the child. Younger v. Younger, 106 Cal. 377, 39 P. 779.

Finding no invalidity in the decree of adoption, the judgment of the Probate Court is affirmed; for which reason the petition of plaintiff to modify the divorce decree must be denied. Orders in both cases may be presented accordingly.