### MARTIN et v. FISHER.

Ohio Appeals, 3rd Dist., Mercer Co.

No. 408. Decided Aug. 6, 1927.

38. ADOPTION—Section 8025 GC. is mandatory and, in order to perfect legal adoption, must be strictly followed.

38. ADOPTION — 340 Custody — of Minor Child—Custody of minor having been awarded, in divorce proceedings, to mother, consent of father to adoption not necessary.

38. ADOPTION—949. Presumptions—Presumption of law arises, from decree of adoption, that all provisions of law have been complied with and said presumption subsists until overcome by proof to contrary.

883. PARENT AND CHILD—340. Custody —of Child—Adopting parents are entitled to custody of adopted child to exclusion of all other persons, until lawful reason for change is made to appear by competent evidence.

Error to Common Pleas.

Judgment affirmed.

**First Publication of this Opinion**

JUSTICE, J.

The original proceeding in habeas corpus was brought by Betty Martin, a minor, through Harley Martin and Hazel Martin to obtain her discharge from the custody of one Fred Fisher.

She claims that Fred Fisher was restraining her of her liberty under color and by virtue of a certain purported decree of adoption in the Probate Court of Mercer County; that her parents did not consent to her adoption by Fred Fisher; and that said decree of adoption is a nullity.

The trial judge, on submission of the cause, refused the writ, overruled a motion for a new trial and entered judgment in favor of Fred Fisher.

Under the pleadings and the evidence, there is but one question for our determination. Was Betty Martin legally adopted by Fred and Lucile Fisher?

Section 8025 GC. provides: "In any adoption proceedings written consent must be given to such adoption as follows:

"b. By each of the living parents * * * except as follows:

"d. By the parent awarded custody of child by divorce decree provided the court which granted such decree approves of such consent. * * * *."

The adoption of Betty occured at a time when her parents were divorced, and her custody was awarded to the mother in the divorce proceedings. The consent of the father was not necessary.

It is claimed that the consent of the mother was not obtained in the manner required by law in that it was neither acknowledged nor witnessed. It is also claimed that the court which awarded the custody of Betty to her mother, did not approve of her consent to the adoption.

Section 8025 GC., in part, provides:

"All such consents to such adoptions shall be acknowledged and witnessed."

This section of the General Code is mandatory and in order to perfect a legal adoption, it must be strictly followed. A careful examination of the record fails to reveal that it has not been complied with. It is true that the consent of the mother to the adoption, as shown by the paper writing marked Plaintiffs' Exhibit A, is neither acknowleaged nor witnessed. It is also true that the record is silent as to an approval of the mother's consent to the adoption, by the court which granted the divorce decree. But the record does not show that such consent and approval were not, in fact, otherwise, and in accordance with the statute, given and obtained; and in the absence of such a showing, it must be presumed that they were. By consent of the parties the record of adoption is as set forth in the answer and return, and no where therein is it alleged that such lawful consent and approval were not so given and obtained.

A presumption of law arises from a decree of adoption, that all the provisions of the law relating thereto were complied with and this presumption subsists until overcome by proof to the contrary.

Adopting parents are entitled to the custody of their adopted child to the exclusion of all other persons until some lawful reason for a change of the child's custody is made to appear by competent evidence.

Judgment affirmed.

(Crow and Hughes, JJ., concur.)

Attorneys—John R. Pierce, Celina, for Martin; Roby & Jackson, Lima, and Frank V. Short, Celina, for Fisher.