Matthias, J.
 

 The controversy presented to the court in each of these cases arises from the proceeding pending in the probate court of Portage county involving the adoption of the child Maxine Clapp.
 

 The action in prohibition is predicated upon the charge that the probate court is “entirely without jurisdiction to proceed with said adoption proceedings.” There is and. can be no valid claim that the probate court of Portage county has not jurisdiction of the subject-matter involved in this action. The jurisdiction undertaken to be exercised, the adoption of the child, is specifically conferred by Sec
 
 *94
 
 tion 8024
 
 et seq.,
 
 General Code. The substance of the complaint of the relatrix is that said court is about to enter a decree consummating such adoption, without the consent of the relatrix, who is the mother of said child, and without making her a party to said proceeding, or affording her an opportunity to be heard.
 

 The office of a writ of prohibition has been stated in numerous cases. It is a process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, and issues only when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. 2 Spelling on Injunctions and Other Extraordinary Remedies (2d Ed.), Section 1716.
 

 It appearing affirmatively that the probate court is exercising a jurisdiction with which it has been legally vested, a writ of prohibition is not authorized.
 

 To consider the question presented by the error proceeding, it will be necessary to examine the procedure prescribed by statute for the legal adoption of minors. It is set forth in the provisions of Section 8024
 
 et seq.,
 
 General Code.
 

 Section 8025, General Code, requires that in an adoption proceeding, such as this, written consent shall be given by each of the living parents, except as follows: “(d) By the parent awarded custody of child by divorce decree, provided the court which granted such decree approves of such consent, and because of such approval the jurisdiction of such court over such child shall thereupon cease.”
 

 
 *95
 
 It was pursuant to this provision that application was made to the court of common pleas for approval of the written consent to said adoption executed and filed by the father of said child, that court having theretofore awarded the custody of said child to the father in the divorce decree. That application did not remove said adoption proceedings to the common pleas court. It merely sought the approval of the proposed action in the proceeding then pending, and still pending, in the probate court. The approval of the consent of the parent to such adoption is only a part of the adoption proceeding authorized by statute and now in progress in the probate court, in which no finding has been made or final decree entered.
 

 Counsel for Mrs. Booth asserts the unconstitutionality of the provisions of the Juvenile Court Law hereinbefore referred to, his contention being that such legislation is violative of the due process clause and various other provisions of the state and federal Constitutions. "We find no basis for such contention. We have not been referred to any case in which the constitutionality of such provision has been denied and we have been able to find none. While the rights of the natural parents should always have full consideration, and be carefully guarded and protected, the rights and interests of the child are paramount, and, where there is a conflict between the rights of the parent and the interests of the child, the state may act by and through appropriate legislation. Many and various circumstances may arise where the state may exercise jurisdiction over the child, not only for its interests and protection, but for the welfare of the commu
 
 *96
 
 nity and the state as well. Imposition of punishment upon parents, or deprivation of their rights, is not the purpose of the juvenile court acts, including adoption statutes, hut rather the promotion of the welfare of the child. Practically all the states have statutes providing for the adoption of children, and in many of them the required consent is limited to the parent to whom a court of competent jurisdiction, as in some divorce or other proceeding, awarded the custody of such child. Our statute provides that the consent of the parent to whom custody has been awarded in a divorce proceeding is sufficient, if the court which entered the decree approves the same. The constitutionality of such statutory provisions has been sustained whenever challenged. Schouler on Marriage, Divorce, Separation, and Domestic Relations, Section 720; 1 Corpus Juris, 1372, and cases there cited. It follows that in case No. 21266 the writ of prohibition should be denied, and in case No. 21315 the judgment affirmed.
 

 Writ denied in case No. 21266.
 

 Judgment affirmed in case No. 21315.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.