**RUBIN, ADOPTION OF, In Re**

Probate Court, Belmont Co.

Decided February 4, 1941

C. R. Harless, Beckley, W. Va., for Beatrice Rubin.

A. G. Lancione, Bellaire, for Homer O. Burgess and Beatrice Burgess.

## OPINION

By ALBRIGHT, J.

This is a proceeding under the provision of §10512-9 and other related sections of the General Code of Ohio for the adoption of Paul Owen Rubin, born June 1, 1940, by the petitioners, Homer O. Burgess and Beatrice Burgess. Paul Owen Rubin is the illegitimate child of Beatrice Rubin, and the petitioners are the uncle and aunt of said Beatrice Rubin, who have the child in their home since June 9, 1940.

On January 6, 1941, the petitioners filed their petition to adopt Paul Owen Rubin and to change his name to Paul Owen Burgess. With the petition there was filed an answer and consent to the adoption by Beatrice Rubin, the mother of said child, dated December 30, 1940.

On January 2, 1941 the following telegram was received by the Court,

"Beckley, W. Va.
January 2, 1941
Judge Circuit or Domestic Relations Court
St. Clairsville, Ohio
Beatrice Rubin an infant here executed right of adoption her seven months old baby to Homer and Beatrice Burgess under most violent duress and threats of killing child or taking it where she could never see it. Please refuse or delay adoption proceedings until proper legal action can be taken by Miss Rubin. Answer by Western Union Collect.
C. R. Harless, Attorney."

The petition for adoption was duly assigned for hearing before this Court on February 4, 1941 and all the parties appeared in Court and the mother of the child filed her petition objecting to the granting of the adoption and also filed the following withdrawal of her consent:

"St. Clairsville, Ohio
February 4, 1941
I, Beatrice Rubin, do hereby withdraw any and all consent I may have given for the adoption of my child, Paul Owen Rubin, to Beatrice Burgess and Homer O. Burgess, the petitioners.
Beatrice Rubin."

Sec. 10512-11 GC provides in part as follows:

"In any adoption proceedings written consents must be given to such adoption as follows:
(1) By the child sought to be adopted if more than thirteen years of age.
(2) By each of the living parents or by the mother of an illegitimate child (In which case such consent shall state only that it is given "by virtue of the fact that she is the sole parent.") Other provisions of this section do not apply to this case as it is not alleged that the child is a ward of any Court or certified child caring organization.

It is a well established fact, that the requirement of a consent must be given, witnessed and acknowledged, and is mandatory and must be strictly followed (Martin v Fisher, 25 Oh Ap 372, 158 N. E. 287).

The only question presented to the Court for consideration in this proceeding is as to whether or not the mother of said child may now withdraw her consent to the adoption, which it is alleged was obtained under duress. It is conceded that the petitioners have a proper home for the rearing of the child in question and have the financial means of providing for its support and maintenance.

In the case of State v Scholder, 22 O. L. R. 608 App., the court held as follows:

"1. Where a proceeding for adoption of a child is by petition under §8024 GC (now §10512-10) and the facts are such that the written consent of the mother is necessary, the Probate Court is without power to decree an adoption unless the mother at the

time of the decree consents in writing to such adoption.

2. In such a case, the mother, whose written consent has been filed, may revoke and withdraw such consent at any time before the judgment or decree of adoption has been made."

The above case is a habeas corpus proceeding in which the mother of the child sought its custody one year after the Probate Court of Summit County, Ohio, had granted the adoption. At the time the adoption was granted the mother revoked her consent prior to the order of the court granting the adoption.

In granting the writ of habeas corpus in the above case the court further held:

"Where, under the statutes, there is no reason why a mother should be deprived of her child, the court is absolutely without power to take the child from her, unless she consents thereto—that would be so even if there was no statute to that effect; that consent she may give or withhold at her pleasure; it is her right by nature and by law, and the court cannot deprive her of it; she may withhold her consent until just before the order is made, and we can think of no good reason why she may not withdraw her consent at any time before the court acts upon such consent."

The statute provides that no decree of adoption shall be made until the child has resided in the home of the petitioner for at least six months, unless there is some good reason for waiving such requirement (§8030-1 GC), and the court is authorized to adjourn the hearing from time to time and cause an investigation to be made as to the fitness of the petitioner to have the child (§8024-1 GC), and it is easily conceivable that facts may develop which would and should cause the mother to change her mind; or, it may be that her consent was obtained by misrepresentation or under a misapprehension, or the circumstances may have been such that her consent was not fully and freely given, and was therefore not really a consent, and we think that she is not bound by a consent once given.

One of the facts which the court is required to find at the time the order of adoption is made—in fact, the essential jurisdictional fact—is that the mother consents; and therefore we hold that where the proceeding is by petition under the above statutes, and the facts are such that the mother's written consent is necessary, the court is without power to decree an adoption unless the mother at the time of the entry of the decree consents in writing to such adoption.

In this case, the mother's consent being necessary to clothe the court with power to make the order, and the order itself showing that she was then refusing to give consent, the order of the court is a nullity, and is no bar to the right of the mother to obtain possession of her child in this habeas corpus proceeding.

In the case at bar, almost the identical facts are presented and it is the opinion of this Court that the mother has the right to withdraw her consent to the adoption and that by so doing the Court has no jurisdiction to proceed further with the case, and therefore dismisses the petition for the adoption of the child.