BYRD, APPELLEE, *v.* BYRD, APPELLANT.

(No. 626—Decided September 23, 1945.)

*Mr. George W. Biddle,* for appellee.
*Mr. Leon McCarty,* for appellant.

SHERICK, P. J.   This appeal is from an order made in a special proceeding in a divorce action.   It presents several novel questions.   The matter was considered upon a motion to make E. Stacey Richards a party, a motion asking that defendant-appellant be permitted to file a cross-petition, plaintiff-appellee's motion to strike appellant's motions from the files, a tendered cross-petition, and an agreed statement of facts, all of which disclose the following situation to exist.

Plaintiff, Donna Byrd, now Donna Richards, secured

a divorce from the defendant on January 25, 1928. Defendant was ordered to pay the sum of $20 per month, beginning December 17, 1931. That order was modified to $12 per month, beginning December 1, 1933. This sum has been paid each and every month up to June 1, 1944.

It is agreed that Desmond Richards, formerly Desmond Byrd, was adopted by Donna Richards and E. Stacey Richards on June 13, 1938; that this adoption was made with the approval of the Common Pleas Court of Richland county; that the adoption of Desmond Byrd was had in the Probate Court of Stark county, between March 24, 1938, and June 14th of the same year; and that between June 13, 1938, to June 1, 1944, defendant paid the sum of $858.

The final stipulation is that Donna Richards and E. Stacey Richards preserved their rights to object to the jurisdiction of the court over the subject matter of the motion and proposed cross-petition and over their persons.

The motion for leave to file the cross-petition, which appears however as having been filed without leave of court, asks for a refund of the $858 support money paid to Donna and E. Stacey Richards for the support of Desmond Byrd Richards.

Defendant's second motion proclaims the fact that Desmond Byrd Richards is the child of the plaintiff and defendant. The court's final entry from which the appeal is taken recites that the court also considered a certified copy of the adoption proceedings in the Probate Court of Stark county. This exhibit states that Donna and E. Stacey Richards are husband and wife. It also discloses that when plaintiff and defendant were divorced in the Common Pleas Court of Richland county, the plaintiff was awarded the exclusive custody of their child, Desmond Byrd. Coun-

sel for both parties agree that defendant was never notified of the adoption proceedings and had no knowledge thereof until on or about June 1, 1944.

The trial court in its final order overruled defendant's motions and sustained that of the plaintiff, and dismissed defendant's attempted proceedings. Defendant now claims that the court erred in so doing, and asserts that this court must answer five questions in order to establish his right to the relief which he seeks.

First: Has the divorce court continuing jurisdiction over support payments for the children of divorced couples? Second: Did the law in force when the adoption was had require that defendant be notified thereof? Third: Do adopting parents assume full responsibility for the child's care and support? Fourth: Is the child's natural father, who had no notice of the adoption proceedings, responsible for support of the child after adoption? Fifth: In good conscience, should not a court, that had approved the adoption and erroneously compelled the father to pay $858 after the adoption, require the receiving parent to refund the money?

Defendant concedes that if the law required that notice of the adoption proceedings be given him, then the adoption was void and he now has no standing in court. This question shall first engage our attention. Defendant hesitatingly takes the position that he was not entitled to notice. He relies upon the case of *Martin* v. *Fisher*, 25 Ohio App., 372, 158 N. E., 287. That case holds that "the custody of the minor having been awarded in the divorce proceedings to her mother, the consent of her father to her adoption was not necessary." It was decided in 1927. Section 8025, subdivision (d), General Code, was then in effect. The adoption of Desmond Byrd Richards occurred in 1938.

The statute then applicable was Section 10512-11 (2) (d), General Code (114 Ohio Laws, 472), which provided:

"* * * written consents must be given to such adoption * * * by each of the living parents * * *, except as follows: * * *

"By the parent awarded custody of child by divorce decree, provided the court which granted such decree approves of such consent and because of such approval the jurisdiction of such court over such child shall thereupon cease."

It will be noted that those provisions in the sections were in exactly the same language. *State, ex rel. Booth,* v. *Robinson, Judge,* 120 Ohio St., 91, 165 N. E., 574, decided in 1929, definitely settled that notice to and consent of a father in such a case were not necessary or required. Therein it was held:

"Where in a proceeding for the adoption of a child of divorced parents the consent of the parent to whom the sole custody of such child had been awarded is duly given and the court which granted such decree approves the same as provided by Section 8025, General Code, the consent of the other parent is not required."

It is observed that the provisions of Section 10512-11, General Code, have been amended. See Section 10512-14, General Code, which elided the exception contained in subdivision (d) of the two older sections. The effective date of the new section is January 1, 1944. Its terms are therefore not applicable to the present controversy. We hold that, under the then existing statute, notice to and consent by the appellant to the adoption were not necessary or required. The adoption proceeding was not void but valid in all respects.

Did the divorce court, the trial court herein, have jurisdiction of the person and subject matter in-

volved in defendant's motion? We seriously doubt that it had jurisdiction over the person of E. Stacey Richards, the child's stepfather and adopting parent. He was not in the picture when the divorce was entered or the order for support made. The order required that the support payments were to be made to the child's mother. We believe that the trial court was correct in its refusal to make the stepfather a party to the present proceeding.

The question of the court's jurisdiction over the subject matter and the plaintiff's person is an entirely different matter. Just what was the legislative intent in the last portion of subdivision (2) (d) of Section 10512-11, General Code, when this language was used: "* * * because of such approval the jurisdiction of such court over such child shall thereupon cease." This question was ably solved by the Court of Appeals of the Eighth Appellate District in *Kosen* v. *Kosen,* 36 Ohio Law Abs., 156, 42 N. E. (2d), 778. It was there pointed out that children are not proper parties to divorce proceedings, and that support orders, though made for a child's benefit, are made upon one party in favor of the other who is awarded the custdoy of the child. The child has no interest in the order or judgment. The *Kosen case* was an action by a divorced person, upon motion in the original case, after an adoption, to place accrued arrearage on support orders in a judgment in gross.

The words of subdivision (2) (d) of Section 10512-11, General Code, applied directly to jurisdiction concerning the child's control after adoption. Adoption ended that particular jurisdiction. It went no further. It did not deprive the divorce court of its power to adjust matters growing out of its support orders between the parties to the action.

This is the rule adhered to in *Corbett* v. *Corbett,*

123 Ohio St., 76, 174 N. E., 10, the second paragraph of the syllabus of which reads:

"The proper practice in securing a modification of such decree with respect to the custody, care or support of such minors, is by motion filed in the original divorce action by the party seeking such modification."

In the *Kosen case, supra,* the father failed to comply with the support orders and the mother was attempting to reduce the amounts due and unpaid to judgment. In the instant case the converse situation is involved. Here the father seeks to recover back that which he claims he was under no legal obligation to pay.

Defendant's third and fourth questions must be answered in his favor. 1 American Jurisprudence, 650, Section 51, states the generally accepted rule that "it is a general principle that a statutory proceeding of adoption, when legally conducted, terminates absolutely all legal relations between the minor and his natural parents."

A provision of Section 10512-19, General Code (114 Ohio Laws, 474), then in force, recently re-enacted as a part of Section 10512-23, General Code, was that, with one exception, in case of adoption "the natural parents of the child, if living, shall be divested of all legal rights and obligations due from them, * * * and the adopting parent or parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been born to them in lawful wedlock."

We think the statute clearly declares the state's public policy to make adopting parents responsible for the care, maintenance and support of an adopted child, and to relieve the child's natural parents of that responsibility.

It follows that when the trial judge's predecessor

in office approved the adoption, he, at the same time, ought to have discontinued his prior order for the child's support. Defendant had no knowledge of the court's action and the adoption proceeding in the Stark county Probate Court. He was lawfully entitled to some notice thereof, if not through court writs, at least by the plaintiff. She continued to receive these monthly payments when she knew or must be held to have known that she and her present husband were by law bound to support the child after adoption. The adoption deprived the father of any and all future rights which he might subsequently have possessed or exercised. Such being true, good conscience required that he be discharged from all the obligations previously placed upon him as the natural parent.

This court takes the view that defendant made these support payments under a mistake of fact, or at the most, a mistake of mixed law and fact. The fact is that he had no knowledge of the adoption. The law countenances and affords relief generally in both instances. The mistake is a unilateral one. Plaintiff had full knowledge thereof.

The general rule in such cases is well stated in 40 American Jurisprudence, 844, Section 187:

"It is a firmly established general rule that money paid to another under the influence of a mistake of fact, that is, on the mistaken supposition of the existence of a specific fact which would entitle the other to the money, which would not have been paid if it had been known to the payor that the fact was otherwise, may be recovered * * *. The ground on which the rule rests is that money paid through misapprehension of facts belongs, in equity and good conscience, to the person who paid it."

We do not mean to be understood to hold that it is the duty of the trial court to order a repayment of the

exact sum sought. However, it ought to exercise its discretion and so modify its prior order, upon an application for modification, no matter what the paper presented may be denominated, in order that justice may be done between the parties and such restitution made as will have the force and effect of a judgment upon which execution might issue.

It follows that the order appealed from is affirmed insofar as it refused to make E. Stacey Richards a party defendant. The judgment is otherwise reversed and the cause remanded for further proceedings in accordance herewith.

*Judgment accordingly.*

PUTNAM and MONTGOMERY, JJ., concur.