(No. 552—Decided May 26, 1948.)

*Messrs. Miller, Searl & Fitch* and *Mr. Ormond S. Adams,* for appellee.

*Messrs. Kimble, Kimble & Schapiro,* for appellants.

METCALF, J.  This appeal, designated as an appeal on questions of law and fact, was presented and is retained in this court as an appeal on questions of law.

Plaintiff-appellee, Charles O. Mowery, brought an action in the Common Pleas Court of Scioto County praying that an order of adoption theretofore made in the Probate Court of that county whereby his daughter, Joyce Ann, was adopted by the defendant appellants, Cora Mae Ealey and Herschel Ealey, now husband and wife, be set aside and declared null and void.

The pertinent allegation in the petition is as follows:

"On the 23rd day of February, 1943, an entry was made in the Probate Court of Scioto County, Ohio, confirming the adoption of Joyce Ann Mowery by Herschel Ealey and Cora Mae Ealey and changing her name to Joyce Ann Ealey, and that at no time prior to the entry of said order approving said adoption was Charles O. Mowery given any notice of said hearing or given an opportunity to appear in court and object to said adoption, as provided by law."

The defendants filed an answer setting forth that plaintiff and the defendant Cora Mae Ealey, formerly husband and wife, were divorced August 7, 1942; that the Common Pleas Court in the divorce proceeding placed the custody of the child with defendant Cora Mae Ealey, the mother; and that in the adoption proceeding, on application being made, the Common Pleas Court approved an answer and consent as provided by law. The answer admits that no notice of the hearing on the adoption was given to the plaintiff, the father of the child.

A trial was had on the issue as thus joined, the trial court found that the adoption proceeding was void and, thereupon, vacated and set aside the same.

There are several assignments of error (not separately stated or numbered) found throughout the brief of appellant, such as the insufficiency of the petition and the claimed lack of jurisdiction of the Common Pleas Court. However, there is only one question presented for determination and that is: Was Joyce Ann Mowery legally adopted by Cora Mae Ealey and Herschel Ealey?

Briefly, it was the claim of the plaintiff in the court below, and by argument and brief it is claimed by his counsel here, that since the petition for adoption failed to set forth plaintiff's name as the father of the child and his address, which defendants well knew,

such omissions, together with his failure to receive notice of such proceeding and his failure to give consent, nullify the adoption. This contention has been definitely answered by the courts of Ohio.

The statute applicable in 1943 was Section 10512-11 (2) (d), General Code (114 Ohio Laws, 472), which provided:

"In any adoption proceedings written consents must be given to such adoption as follows:

" * * *

" (2) By each of the living parents * * * except as follows:

" * * *

" (d) By the parent awarded custody of child by divorce decree, provided the court which granted such decree approves of such consent and because of such approval the jurisdiction of such court over such child shall thereupon cease."

In *Martin* v. *Fisher,* 25 Ohio App., 372, 158 N. E., 287, in a situation very similar to that involved in the instant case and under a statute with a provision identical with the one above quoted, it was held, as disclosed by the second paragraph of the syllabus, that "the custody of the minor having been awarded in the divorce proceedings to her mother, the consent of her father to her adoption was not necessary."

The Supreme Court of Ohio has passed upon this question in the case of *State, ex rel. Booth, Judge,* v. *Robinson* (1929), 120 Ohio St., 91, 165 N. E., 574, wherein it was held that notice to and consent of a father in such a case are not necessary or required. The first paragraph of the syllabus reads:

"1. Where in a proceeding for the adoption of a child of divorced parents the consent of the parent to whom the sole custody of such child had been awarded is duly given and the court which granted such decree

approves the same as provided by Section 8025, General Code, the consent of the other parent is not required.''

It is to be noted that the provisions of Section 8025, General Code, were in exactly the same language as quoted in Section 10512-11 above.

A reading of the *Robinson case, supra,* discloses that the mother of the child adopted was not made a party to the proceeding for adoption or to the proceeding wherein the consent thereto of the Common Pleas Court was obtained, nor was she notified thereof.

While plaintiff insists that the failure to allege he was the father of the child sought to be adopted is a fraud upon the court, no such inference can be drawn from the record. The most that can be said for this omission is that he was not made a party to the proceeding and this the Supreme Court in the *Robinson case* held was unnecessary. There could be no fraud practiced upon the Probate Court when that court had before it the consent and approval of the Common Pleas Court which had placed the custody of the child with the mother. The Probate Court certainly knew then that the natural father existed.

The Supreme Court in the *Robinson case, supra,* in upholding the constitutionality of this provision of the statute authorizing consent to be given by the Common Pleas Court, said, on page 95:

''* * * While the rights of the natural parents should always have full consideration, and be carefully guarded and protected, the rights and interest of the child are paramount, and, where there is a conflict between the rights of the parent and the interest of the child, the state may act by and through appropriate legislation.''

And, on page 96, the court said: ''Practically all the states have statutes providing for the adoption

of children, and in many of them the required consent is limited to the parent to whom a court of competent jurisdiction, has in some divorce or other proceeding, awarded the custody of such child. Our statute provides that the consent of the parent to whom custody has been awarded in a divorce proceeding is sufficient, if the court which entered the decree approves the same.''

The *Robinson case* was followed by the Court. of Appeals for the Fifth Appellate District in *Byrd* v. *Byrd,* 78 Ohio App., 73, 69 N. E. (2d), 75, a case in point with the instant case. It was held, as disclosed by the third paragraph of the syllabus:

''In a proceeding to adopt a child of divorced parents, notice to and consent by the father were not required, by virtue of Section 10512-11 (2) (d), General Code (114 Ohio Laws, 472), where the exclusive custody of the child had been awarded to the mother.''

In the *Byrd case* the court called attention to the amendment of the statute. effective January 1, 1944, whereby the provision was eliminated under which, not only the instant case is governed, but the other cases hereinabove cited were controlled.

It is a familiar rule that a presumption of law arises from a decree of adoption that all the provisions of law relating thereto have been legally complied with and that this presumption subsists until overcome by proof to the contrary. See *Martin* v. *Fisher, supra,* and 1 Ohio Jurisprudence, 437, Section 7.

There is no dispute in regard to any of the facts in the instant case. The law is clear that neither notice to nor consent of the plaintiff was necessary in the adoption proceedings. Neither was the plaintiff a necessary party in that proceeding and the omission of his name from the petition could not, under the circumstances hereinabove related, have been misleading

to or a fraud upon the court. It is, therefore, the conclusion of this court that under the law as it existed at the time of the adoption, the adoption proceeding was valid in all respects.

It follows that the judgment must be reversed and, there being no dispute of facts, the question being one of law only, this court renders the judgment that should have been rendered in the court below by dismissing plaintiff's petition and granting judgment for the defendants.

*Judgment reversed.*

GILLEN, P. J., and McCURDY, J., concur.