## In re RABATIN.

[Cite as *In re Rabatin* (1992), 83 Ohio App.3d 836.]

Court of Appeals of Ohio,
Geauga County.

No. 92–G–1697.

Decided Nov. 23, 1992.

838

*E. Tasso Paris,* for appellant, Robin Hyder.

*Barbara J. Burdette* and *Edward T. Brice,* for appellee, Clara Rabatin.

FORD, Presiding Judge.

This appeal arises out of the Geauga County Court of Common Pleas, Probate Division, where the trial court granted appellee's motion to dismiss appellant's motion for relief from judgment. Appellant, Robin Hyder, timely appeals from that judgment.

Appellant placed Tina Lateesia Hernandez, her daughter, age nine and one-half months, in the home of Clara and David Rabatin in October 1989. Appellant also gave consent for appellee Clara Rabatin to be Tina's guardian, thinking that it would be in the best short-term interest of her child to reside with the Rabatins.

On June 12, 1990, a petition for adoption was filed by the Rabatins for Tina. Also, on June 12, 1990, the two notarized parental consents for adoption were

filed, one by the natural father, David Hernandez, and the other by appellant. The consent form also contained a waiver of notice of the hearing on the petition for adoption. On August 2, 1990, the petition for adoption was heard. On August 6, 1990, the interlocutory and final order of adoption judgment entry was issued granting the adoption of Tina to the Rabatins.

On or about mid-July 1991, appellant claims to have discovered for the first time that the adoption actually took place. On November 4, 1991, appellant filed a motion for relief from judgment. Appellant alleged that the representations made by the Rabatins to the court as to their fitness to adopt were false at the time of their submission. The Rabatins were divorced soon after the adoption was concluded, and had also experienced financial difficulty. Additionally, appellant claimed that Clara was an alcoholic, left her children unsupervised, and was not fit to have custody of Tina.

Appellee's motion to dismiss appellant's motion for relief was granted on March 12, 1992, based on R.C. 3107.16(B), which bars any challenge to an adoption decree upon the expiration of one year after the adoption decree is issued. Appellant now contends that the court's granting of appellee's motion to dismiss deprived her of any rights to her natural daughter, and that at no time did she knowingly sign any consent form to the adoption of her minor child.

Appellant assigns the following as error:

"1. The court erred to the prejudice of appellant/natural mother in dismissing her motion for relief from judgment which granted a petition for adoption obtained through fraud and misrepresentation and without consent of the natural mother.

"2. The court erred to the prejudice of appellant/natural mother in barring her from attacking the adoption of her child and violating her constitutional guarantee of due process of law.

"3. The trial court erred by denying appellant's request to proffer evidence which would substantiate her claims of fraud and lack of notice."

Based on the similarity between the issues presented in appellant's first and second assignments, we treat them in a consolidated manner.

We note from the outset that the Ohio Rules of Civil Procedure do not apply in the instant case. Civ.R. 1 states that:

"(C) These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

The special statutory procedures applicable here are the adoption statutes, R.C. 3107.06, 3107.12, and primarily 3107.16(B). Hence, we do not base our analysis on Civ.R. 60(B)(3), which was the basis of appellant's motion for relief.

First of all, the statute at issue, R.C. 3107.16, states in pertinent part:

"(B) Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or upon any ground, including fraud, misrepresentation, [or] failure to give any required notice * * *."

It is thus evident that the legislature intended to bar any proceedings attacking a final adoption decree more than one year after the decree was entered. The only exception carved out thus far is found in the case of *In re Adoption of Knipper* (1986), 30 Ohio App.3d 214, 30 OBR 371, 507 N.E.2d 436. In *Knipper*, the court held that R.C. 3107.16(B) could not constitutionally bar an attack on an adoption decree over one year after its issuance where reasonable diligence was not exercised in seeking the mother's address, thus depriving her of any notice of the adoption. That is clearly not the case here because appellant signed the adoption consent form which gave her actual notice of the proceedings.

Based on R.C. 3107.16(B), appellant had until August 1991, to contest the adoption of Tina. Even though she allegedly first discovered the adoption in July 1991, eleven months after the decree, she waited until November 1991, to challenge it. Surely if she were so gravely concerned for Tina's well-being, she had the opportunity to take immediate action to contest the adoption. Therefore, under the statute at hand, appellant cannot allege fraud and lack of notice outside the one-year window from the time of the decree.

Second, the basis upon which appellant's motion was made is fraud in securing a consent to adoption, which she claims would exempt her from the one-year limitation prescribed in R.C. 3107.16. Appellant says she signed the consent not knowing what it really meant, but believing it would help the Rabatins qualify for governmental financial assistance pursuant to their guardianship of Tina. We are not persuaded by appellant's averments.

■ As a preliminary matter, we note that this court cannot consider the issue of lack of notice if it was not raised at the trial court level pursuant to appellant's motion for relief from the judgment. *Snyder v. Stanford* (1968), 15 Ohio St.2d 31, 44 O.O.2d 18, 238 N.E.2d 563; *Oney v. Needham* (1966), 6 Ohio St.2d 154, 35 O.O.2d 223, 216 N.E.2d 625; *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630.

■ First, there is no evidence in the record that appellant is unable to read or otherwise could not understand the consent form she signed. Thus, she is

presumed to have had actual notice of the adoption, and to have effectively waived the notice requirement. Appellant also admits to receiving actual notice in July 1991, one month before the expiration of one year from the time of the decree.

Second, a presumption of law arises from a decree of adoption that all provisions of law have been fully complied with until overcome by proof. *Mowery v. Ealey* (1948), 91 Ohio App. 266, 270, 48 O.O. 367, 369, 108 N.E.2d 143, 145, citing *Martin v. Fisher* (1927), 25 Ohio App. 372, 158 N.E. 287; see, also, *In re Adoption of Infant Girl Banda* (1988), 53 Ohio App.3d 104, 116, 559 N.E.2d 1373, 1384. Also, " 'great weight should * * * be accorded to the report and investigation made pursuant to R.C. 3107.12.' " *In re Janoske* (Nov. 22, 1991), Geauga App. No. 90–G–1589, unreported, at 6, 1991 WL 244668, quoting *In re Adoption of Labo* (1988), 47 Ohio App.3d 57, 61–62, 546 N.E.2d 1384, 1388.

The investigator's report favorably indicates that the Rabatins could provide a loving, stable environment in which Tina would thrive in every realm of life. The court was obviously satisfied by this report because it entered a final order of adoption following the interlocutory decree and investigator's report. Thus, the court's decision to allow the adoption was presumably proper.

Third, appellant has the burden to establish duress or undue influence by clear and convincing evidence. *In re Adoption of Infant Boy* (1989), 60 Ohio App.3d 80, 81, 573 N.E.2d 753, 755. However, the record in the instant case is devoid of any proof of fraud or misrepresentation *at the time of the adoption.* That the Rabatins' financial and personal situation may have changed after the expiration of one year is not dispositive of appellant's untimely motion when neither fraud nor the adverse conditions appellant alleges were found by the court's investigator.

Consequently, absent proof in the record before us of fraud or misrepresentation *at the time of the original adoption decree,* and in light of the above case law, we cannot decide this appeal on that basis. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500.

In her third assignment, appellant attacks the constitutionality of R.C. 3107.16(B). As applied to appellant, R.C. 3107.16(B) is constitutional because she had actual notice of the adoption. Appellant freely and knowingly signed the consent form, had actual notice of the adoption proceedings, and had adequate post-termination opportunity to contest the adoption placement. Also, as stated, there is no evidence of fraud or misrepresentation, or of noncompliance with statutory notice requirements. Accordingly, appellant's "as applied" challenge of R.C. 3107.16 is not properly before us. Additionally, the constitutional issues argued here by appellant were not raised in the trial court.

 Similarly, in terms of a facial constitutional attack, we cannot reach that question because appellant did not raise the issue in the trial court. *Snyder, Oney,* and *Stores Realty.*

 Based on the foregoing, we conclude that appellant's assignments of error are overruled. The mere fact that appellant has had an apparent change of heart about the adoption of her daughter is an insufficient ground to revoke consent to the adoption. *Infant Boy,* 60 Ohio App.3d at 86, 573 N.E.2d at 760. Accordingly, we affirm the trial court's granting of appellee's motion to dismiss.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.