OPINION
Appellant, Bryan Roth, appeals from the judgment of the Trumbull County Court of Common Pleas, Probate Division, denying his motion to revoke the adoption of John Jacob Hane.
On April 14, 1994, appellee Neil F. Hane petitioned the Trumbull County Court of Common Pleas, Probate Division, for permission to adopt John Jacob Roth, the son of his spouse, appellee Ella Patricia Hane. John Jacob was born October 9, 1991 as issue of the marriage between appellant and Ella, which ended in divorce in May of 1992. Attached to Neil Hane's petition were two "Consent to Adoption" forms executed by appellant and Ella. On July 14, 1995, the probate court filed a final order of adoption, granting Neil Hane's petition for adoption.
On February 4, 2000, appellant filed a motion pursuant to Civ.R. 60(A) and (B) to revoke the adoption. In his motion, appellant argued that the adoption should be revoked because appellees committed falsification and misrepresentation. Appellant alleged that he had an agreement with Ella that he would be able to continue visitation with John Jacob even after he consented to the adoption, and Ella has failed to comply with that visitation agreement. Appellant alleged that appellees' attorney had him sign two documents, one that contained a provision that the consent to adoption was conditional upon continued visitation and another that did not contain that language. According to appellant, appellees' attorney discarded the document containing the visitation provision and filed the one without the condition. Appellant further alleged that he was incapable of understanding the consent to adoption form that he signed because he was mentally incompetent due to taking large doses of psychotropic drugs during that time period.
On April 27, 2000, the probate court denied appellant's motion to revoke adoption. The probate court relied on R.C. 3107.16, which provides that the only grounds for contesting a final adoption, after one year, is fraud perpetrated by the petitioner or the petitioner's spouse. The court concluded that appellant was not entitled to revocation because he failed to prove that appellees fraudulently induced appellant to sign the consent to adoption. From the court's judgment, appellant filed a timely appeal on May 17, 2000.
In his appeal, appellant alleges that the probate court erred by denying his motion to revoke adoption more than five years after the final decree had been issued. Appellant contends that he was incapable of understanding the consent to adoption that he signed due to mental incompetence and that appellees' attorney deceived him by having him sign two pieces of paper and then discarding the one that contained a provision concerning continued visitation. Appellant maintains it is not in the best interests of John Jacob to have no contact with his biological father.
Although appellant filed his motion for revocation pursuant to Civ.R. 60(A) and (B), we note that the Ohio Rules of Civil Procedure do not apply to the instant case because R.C. 3107.16 specifically addresses the contestability of adoption decrees after the expiration of one year. SeeIn re Rabatin (1992), 83 Ohio App.3d 836, 839-840, 615 N.E.2d 1099. R.C. 3107.16 provides in part:
 "(B) Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor, or, in the case of the adoption of a minor by a stepparent, the adoption would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period." [Emphasis added].
In the instant case, appellant presented no evidence to the probate court that the adoption of John Jacob by Neil Hane would not have been granted but for fraud perpetrated by appellees. Appellant did not request the probate court to conduct an evidentiary hearing and has not assigned as error on appeal the court's failure to have such a hearing. Appellant's consent to adoption form filed in the probate court includes appellant's signature and provides that:
 "The undersigned Bryan Paul Roth represents that he is qualified to consent to the adoption of John Jacob Roth and he hereby waives notice of the hearing on the petition for the adoption filed in the Court, and consents to the adoption of the child as proposed in the petition.
"* * *
 "Bryan Paul Roth, being duly sworn, says that the statements contained in the foregoing consent are true, as he verily believes, and that the filing of the foregoing consent and waiver is his voluntary act and deed for the uses and purposes herein mentioned."
The consent to adoption form signed by appellant, indicating that appellant's consent was voluntary, is the only evidence in the record on the issue of appellant's consent. "[A] presumption of law arises from a decree of adoption that all provisions of law have been fully complied with until overcome by proof." Id. at 841. In the absence of any evidence in the record to support appellant's allegations of fraud, we cannot conclude that the probate court erred by denying appellant's motion to revoke adoption. Appellant's appeal has no merit.
 _____________________ JUDGE ROBERT A. NADER
FORD, P.J., concurs.
O'NEILL, J., dissents with dissenting opinion.
DISSENTING OPINION